(98 South. 322)

## WHALEY v. BOWEN.   (5 Div. 483.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

**Appeal and error ⬦706(2)—Exceptions insufficient upon which to predicate error, in absence of motion of new trial from record.**

Where no exceptions were reserved on the trial and neither the record nor the bill of exceptions showed a motion for a new trial, there is not a sufficient exception presented upon which the Court of Appeals can predicate error of the trial court in overruling a motion for a new trial.

Appeal from Circuit Court, Elmore County; W. M. Lackey, Judge.

Action by F. L. Bowen against A. J. Whaley; C. C. Whaley, claimant. From a judgment for plaintiff, claimant appeals. Affirmed.

P. B. McKenzie, of Tallassee, for appellant.

The verdict of the jury was plainly erroneous and should have been set aside. Acts 1915, p. 722.

Holley & Milner, of Wetumpka, for appellee.

Where the motion for new trial appears in neither the bill of exceptions nor the record proper, the trial court will not be put in' error for refusing to grant the motion. Powell v. Folmar, 201 Ala. 271, 78 South. 47; Acts 1915, p. 722; Birmingham W. W. Co. v. Justice, 204 Ala. 547, 86 South. 389; King v. State, 16 Ala. App. 103, 75 South. 692; Stover v. State, 204 Ala. 311, 85 South. 393.

SAMFORD, J.   The only assignment of error is to the action of the trial court in overruling a motion for new trial.

Upon a careful examination, we find that no exceptions were reserved on the trial; neither the record nor the bill of exceptions shows the motion for new trial, or what it contained. In this state of the record, there is not sufficient exception presented upon which this court could predicate error.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 249.        [2] Ante, p. 238.